**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| **BRIAN HANRAHAN**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LUMINA US HOLDCO, INC., LUMINA MATERIALS, LLC, LUMINA GLOBAL SàRL, UNIVERSAL VENTURES SCSp, IFM INDEPENDENT FUND MANAGEMENT AG, MARC LEFEBVRE official and individual capacity, LARS JENSEN official and individual capacity, and CORDIANT CAPITAL, INC.**<br><br>**Defendants.** | ) | **CASE NO. 4:26-cv-00001-SEB-KMB** |

**PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

Plaintiff, Briana Hanrahan, by counsel, respectfully moves the Court for leave to file his Second Amended Complaint pursuant to pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. In support of said Motion, Plaintiff states as follows:

1) On January 2, 2026, Plaintiff filed his initial Complaint against the named eight Defendants. Two Defendants within the U.S. (see Defendants, Lumina US Holdco Inc. ("Lumina Holdco"); Lumina Materials, LLC ("Lumina Materials")) and six foreign Defendants (see Lumina Global ("Lumina Global"); Universal Ventures SCSp d/b/a Cordiant Topco (DCIP CV1) / Universal Venture ("Cordiant Topco"); IFM Independent Fund Management AG ("IFM"); Marc Lefebvre ("Lefebvre"); Lars Jensen ("Jensen"); and Cordiant Capital ("Cordiant")). (Dkt. #1).

2) In his initial Complaint, Plaintiff alleged fourteen claims, which included: Breach of Contract (Employment Contract); Promissory Estoppel; Unjust Enrichment; Failure to Pay Wages; Breach of Contract (Loan Agreement); Promissory Estoppel; Unjust Enrichment; Whistleblower Protection; Breach of Fiduciary Duty; Breach of Contract (Equity Ownership); Promissory Estoppel; Unjust Enrichment; Aiding and Abetting a Breach of Fiduciary Duty; and Declaratory Judgment.

3) Prior to litigation, Hanrahan and the Defendants had engaged in mediation in December 2025. At the time, Defendants' counsel was Dentons (through Mrs. Erdel), which is current counsel for the Lumina Defendants, Cordiant Defendants, and Lefebvre.

4) On January 2, 2026, Plaintiff's counsel emailed Defendants' counsel, Mrs. Erdel, and asked which Defendants would agree to waive service.

5) Only having email addresses[1] for Defendant's, Jensen and Lefebvre, Plaintiff's counsel emailed waiver requests to both Defendants on January 9, 2026.

6) On January 16, 2026, the Court issued an order requiring Hanrahan to, "file an amended complaint that establishes the basis for our diversity jurisdiction by properly alleging the parties' citizenship." (Dkt. #7).

7) On January 30, 2026, Hanrahan filed his First Amended Complaint. (Dkt. #8). Other than addressing the Court's Order, the Amended Complaint mirrored Hanrahan's initial Complaint.

8) Defendants, Lumina Holdco and Lumina Materials, agreed to waive service and were served on January 30, 2026. (Dkt. #9-10). Even though Defendants, Lumina Global, Cordiant Topco, and Cordiant, were asked to waive service (and are represented by the same counsel as

---

[1] Said email was listed as each Defendant's point of service in documents Plaintiff has.

Defendants, Lumina Holdco and Lumina Materials) they refused to do so. They were not served until June 23, 2026. (Dkt. #23-25).

9) As noted, Defendant, Jensen, was asked to waive service via email but refused. Jensen was served on June 30, 2026. (Dkt. #29).

10) Defendant, IFM was served on July 13, 2026. (Dkt. #30, 35, & 39).

11) As noted, Defendant, Lefebvre, was asked to waive service via email but refused to answer. It also appears that Lefebvre avoided four (4) separate attempts to be served through Hanrahan's third party process server. (Dkt. #26). Lefebvre eventually retained Dentons and agreed to waive service on August 12, 2026, after it was encouraged by the Court at the Initial PreTrial. (Dkt. #49 & 52).

12) On July 14, 2025, the Defendants, Lumina Global, Cordiant Topco, and Cordiant, filed their Motion to Dismiss. (Dkt. #36-37). Defendants argue lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and a failure to state a claim under 12(b)(6). (*Id.*).

13) On August 25, 2026, the Court ordered that "answers or other responsive pleadings" be filed by September 18, 2026, and Hanrahan's response was due on or before October 9, 2026.

14) On September 18, 2026, Defendants, Jensen and IFM, filed their Motion to Dismiss. (Dkt. #77-78). Defendants argue lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and a failure to state a claim under 12(b)(6). (*Id.*).

15) On September 18, 2026, Defendant, Lefebvre, filed his Motion to Dismiss. (Dkt. #79-80). Defendant argues lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and a failure to state a claim under 12(b)(6). (*Id.*).

16) Given the pending Motions to Dismiss, the Plaintiff now seeks leave to file his Second Amended Complaint. Hanrahan's Second Amended Complaint does the following:

a. Adds facts to address the issues raised in the Defendants' various Motions to Dismiss;

b. Amends/clarifies existing claims to address the issues raised in the Defendants' various Motions to Dismiss;

c. Adds a claim against Defendant, Lumina Global, for unpaid wages;

d. Adds claims against the Defendants, Lumina Global, Lumina Holdco, and Cordiant, for negligent misrepresentation and fraudulent misrepresentation;

e. Places the Defendants, Lumina Global, Cordiant, Cordiant Topco, and IFM, on notice that Plaintiff intends to pierce the corporate veil(s) of Defendants, Lumina Holdco and Lumina Global.

17) With these additions, Plaintiff now alleges eighteen claims, which include: Breach of Contract (Employment Contract); Promissory Estoppel; Unjust Enrichment; Failure to Pay Wages; Breach of Contract (Loan Agreement); Promissory Estoppel; Unjust Enrichment; Whistleblower Protection; Breach of Fiduciary Duty; Breach of Contract (Equity Ownership); Promissory Estoppel; Unjust Enrichment; Aiding and Abetting a Breach of Fiduciary Duty; Fraud/Fraudulent Misrepresentation; Negligent Misrepresentation; Pierce the Corporate Veil (Lumina Global); Pierce the Corporate Veil (Cordiant/Cordiant Topco/Romeo); and Declaratory Judgment.

18) With these additions, Plaintiff's alleged facts increased from roughly 52 paragraphs to 87.

19) Pursuant to the CMP, the deadline to amend/add is November 30, 2026. (Dkt. #50). Said deadline has not passed at this time.

20) Pursuant to Fed. R. Civ. P 15(a) Plaintiff seeks leave from the Court to file his Second Amended Complaint. [Plaintiff's Amended Complaint is filed herewith as **Exhibit A**].

21) Pursuant to Fed. R. Civ. P 15(c), if Plaintiff's Motion is granted, the Amended Complaint relates back to the date of the original pleading.

22) On October 6, 2026, Plaintiff's counsel, Taylor Ferguson, emailed Defendants' counsel, Kate Erdel and Thomas DeVoe, and noted his intent to file said Motion. Both noted that they objected.

23) "The court should freely give leave [to amend] when justice so requires." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). See generally *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded"). Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. *Runnion ex rel. Runnion*, 786 F.3d at 520 (7th Cir. 2015) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).

24) "Delay by itself is normally an insufficient reason to deny a motion for leave to amend." *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 793 (7th Cir. 2004). Absent the delay in service due to the Defendants' refusal to waive service and the fact that six of the Defendants are foreign, Plaintiff has timely and expediently raised these issues with the Court. See also *Data Rsch. & Handling, Inc. v. Vongphachanh*, 278 F. Supp. 3d 1066, 1072 (N.D. Ind. 2017) (Granting the filing of a second amended complaint three years after the initial complaint was filed).

25) There is no bad faith on the part of Plaintiff.

26) There is no prejudice to the Defendants. Plaintiff's additional facts are included to address issues raised by the Defendants. The additional claims align with existing facts. Further,

this case is at the pleading stage, no discovery has been exchanged at this time,[2] and this is the Defendants first Motion to Dismiss.

27) There is no futility. Plaintiff's additional facts are included to address the jurisdictional concerns raised by the Defendants. Said additional facts also address the failure to state claim arguments raised. Therefore, said Second Amended Complaint cures said deficiencies.

28) There is no failure to repeatedly cure deficiencies. Hanrahan's initial amended complaint was filed to resolve jurisdictional issues, which it did, but it did not amend anything else. (Dkt. #7-8). Hanrahan's Second Amended Complaint is now being filed to address Defendants' three Motions to Dismiss. See *Kamsler v. H. A. Seinscheimer Co. of Cincinnati, Ohio*, 347 F.2d 740, 742 (7th Cir. 1965) (Upholding the denial of leave to file a second amended complaint where there is no improvement on its two predecessors).

29) In summary this case is at the pleading stage, no discovery has been conducted (*other than what has been previously noted*),[3] and the first amendment was made at the Court's own direction rather than to cure a deficiency identified by the Defendants. The Seventh Circuit has consistently held that plaintiffs should be given at least one meaningful opportunity to amend in response to a motion to dismiss. *Runnion ex rel. Runnion*, 786 F.3d at 518 (7th Cir. 2015).

30) This Motion is made for good cause, and the Defendants will not be prejudiced by the granting of this Motion.

[2] Discovery as to Plaintiff and the Defendants, Lumina Holdco and Lumina Materials, is moving forward. Defendants, Lumina Global, Lefebvre, and Cordiant, have filed a Motions to Stay due to their pending Motions to Dismiss. (Dkt. #71-72 and #75-76). Plaintiff's response is due on October 21, 2026. (Dkt. #83). Defendants, Jensen and IFM, recently filed a Motion to Stay on October 2, 2026. (Dkt. #85-86). Plaintiff has filed for an extension in line with the other extension Order. (Dkt. #88).

[3] This is not meant to be construed as a waiver as to the Defendants' pending Motions to Stay Discovery. Plaintiff objects to said Motions and intends to file a response requesting that said Motions be denied.

**WHEREFORE**, Plaintiff respectfully requests the Court grant him leave to file his Second Amended Complaint and deem said Amended Complaint and Demand for Jury Trial filed as of the date of the original Complaint.

Dated: October 9, 2026

Respectfully submitted,

*/s/Taylor Ferguson*
Taylor J. Ferguson
Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER, LLC
144 N. Delaware St.
Indianapolis, Indiana 46204
Office: (317) 991-4765
Fax: (812) 424-1005
tferguson@bdlegal.com
ad@bdlegal.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will be served upon all counsel of record.

Katherine G. Erdel (27831-49)
Gregory A. Neibarger (22095-49)
DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower 10 West Market Street
Indianapolis, Indiana 46204
Telephone: (317) 635-8900
Facsimile: (317) 236-9907
Email: kate.erdel@dentons.com
greg.neibarger@dentons.com

*Counsel for Defendants Lumina Holdco, Lumina Materials, Lumina Global, Cordiant Topco, and CCI.*

Thomas R. DeVoe, #16688-49
Julia E. Powers, #39061-49
Taft Stettinius & Hollister LLP
One Indiana Square Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 - telephone
(317) 713-3699 - fax
tdevoe@taftlaw.com
jpowers@taftlaw.com
*Counsel for Defendant Lars Jensen & IFM*

*/s/ Taylor Ferguson*
*Counsel for Plaintiff*